**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02520-DDD-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

WENDY MARCH,

      Intervenor-Plaintiff,

v.

TEAMSTERS LOCAL UNION NO. 455,

      Defendant.

---

**CONSENT DECREE**

---

**I.  RECITALS**

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Teamsters Local Union No. 455, ("Teamsters" or "Union" or "Defendant") discriminated against Wendy March because of her sex.

**2.**     The Parties to this Decree are the Plaintiff EEOC, Intervenor-Plaintiff Wendy March, and the Defendant Teamsters.

**3.**     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**4.**     This Decree does not constitute an admission by Defendant of any violation of Title VII of the 1964 Civil Rights Act. Defendant denies the allegations made by Plaintiff

1

EEOC and Intervenor-Plaintiff Wendy March and maintains that Defendant did not engage in any unlawful actions. This Decree shall not constitute an adjudication and/or finding on the merits of the case.

**5.** As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**6.** For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

**7.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

**8.** **Term:**  The duration of this Decree shall be three years from the date of entry by the Court.

**9.** **Scope:** The terms of this Decree shall apply to Defendant's facility and all locations where its agents and employees perform their respective job duties.

## IV.  ISSUES RESOLVED

**10.** This Decree resolves the claims alleged in the above-captioned lawsuit (as raised by both the EEOC and Plaintiff-Intervenor) and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the 1964 Civil Rights Act, arising from Charge of Discrimination Number 541-2021-02098, as amended, filed by Intervenor-Plaintiff.

**11.**    Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered and shall cooperate in the implementation of this Decree.

### V.  MONETARY RELIEF

**12.**    The Parties have agreed to resolve their dispute through this Decree, which requires Defendant to pay $85,000 in monetary relief as specified below.

**13.**    Defendant will not condition the receipt of individual relief upon Wendy March's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency.

**14.**    To resolve these claims, Defendant shall pay a total of $85,000 to Wendy March and her counsel, allocated as follows: (a) economic losses and non-pecuniary compensatory damages in the amount of $51,000; and (b) attorneys' fees in the amount of $34,000. These payments shall each be reported on IRS Form 1099-MISC and not subject to withholdings.  Payments designated as "non-pecuniary compensatory damages" are damages allowed by the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other such losses.

**15.**    No later than 30 calendar days after the Court signs this Decree, Defendant shall mail checks to Spark Justice Law LLC, 1035 Osage Street, Office 836, Denver, CO 80204.

**16.**    All checks for economic losses and non-pecuniary compensatory damages shall be made out to "Wendy March c/o Spark Justice Law LLC" for deposit in the Spark

Justice Law COLTAF account prior to disbursement.  All checks for attorneys' fees shall be made out to "Spark Justice Law LLC."

**17.**     Within 3 business days after the payment is delivered, Defendant shall submit to the EEOC confirmation of the payments issued.

**18.**     In the event of non-payment, Defendant acknowledges that the monetary relief agreed to herein is a debt owed to and collectible by the United States, notwithstanding that Charging Party is the ultimate beneficiary of any agreed monetary relief.

## VI.     OTHER INDIVIDUAL RELIEF

**19.**     Defendant is required to direct its Business Agents that appointments with Ms. March must be scheduled in advance, with no less than two business days' advance notice, with the exception of urgent situations. Further, in any meeting with a Teamsters Business Agent, Ms. March may elect to have up to two other UPS Managers present.

## VII.  EQUITABLE RELIEF

### A.     *Injunctive Relief*

**20.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from discriminating against individuals on the basis of their sex, including without limitation, behaviors that rise to the level of sexual harassment.

**21.**     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from creating, facilitating, or tolerating the existence of a work environment that is hostile to its employees or employees of employers who Defendant bargains with, on the basis of sex.

22.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII. As used in this Decree, retaliation means adverse action taken against a member, employee, or any individual for having engaged in conduct protected by Section 704(a) of Title VII, for opposing discrimination made unlawful under Title VII, or participating in an investigation of unlawful discrimination.

**B.     *Anti-Discrimination Policy***

23.     Within 30 calendar days of the Court's entry of this Decree, Defendant shall adopt and maintain an Anti-Discrimination Policy encouraging Defendant's officers, agents, employees and members to report any conduct believed to be discriminatory. Moreover, the Anti-Discrimination Policy shall ensure that reports of alleged discriminatory conduct will be appropriately and promptly investigated. Defendant shall evaluate each complaint within 24 hours of receipt to determine the degree of urgency required. Defendant shall ensure that an investigation is initiated within five (5) business days after Defendant receives a report of such conduct, or earlier for matters Defendant deems urgent. Defendant may elect to have an investigation done by a contractor who is experienced and qualified to conduct such investigations. If Defendant elects to engage a contract investigator, it will engage a contractor who is available to commence the investigation within the allowed time period.

24.     The Anti-Discrimination Policy must be distributed to all of Defendant's officers, agents, and employees, in accordance with the EEO Policy Review provisions in Paragraphs 26-27 below. Defendant also agrees that it will post a copy of the Anti-

Discrimination Policy at its physical office locations in an area that is accessible to Defendant's officers, agents, employees, and members. Within 45 calendar days of the Court's entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Policy has been distributed.

### C.      EEO Policy Review

**25.**      Within 60 calendar days of the entry of this Decree, the Defendant shall, in consultation with an outside consultant experienced in the area of employment discrimination law ("Consultant"), review its existing EEO policies to conform with the law and revise, if necessary.

**26.**      The written EEO policies must include at a minimum:

**26.1.**   A strong and clear commitment to preventing unlawful sex discrimination (including sexual harassment), and/or retaliation;

**26.2.**   A clear and complete definition of unlawful sex discrimination (including sexual harassment), and/or retaliation;

**26.3.**   A statement that sex discrimination (including sexual harassment), and/or retaliation are prohibited and will not be tolerated;

**26.4.**   A clear and strong encouragement of persons who believe they have been subjected to sex discrimination (including sexual harassment), and/or retaliation to report such concerns;

**26.5.**   A provision that members, employees, or any individual are not required to complain of sex discrimination (including sexual harassment), and/or retaliation to a person against whom they allege sex discrimination (including sexual harassment), and/or retaliation;

**26.6.**   The identification of specific individuals, with telephone numbers and email addresses, to whom members, employees, or any individual can report their concerns about sex discrimination (including sexual harassment), and/or retaliation;

**26.7.**   A clear explanation of the steps a person must take to report sex discrimination (including sexual harassment), and/or retaliation, which must include the options of either an oral or written complaint;

**26.8.**   An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful sex discrimination (including sexual harassment), and/or retaliation, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of sex discrimination (including sexual harassment) and retaliation;

**26.9.**   An assurance that appropriate corrective action will be taken by Defendant to compensate victims of sex discrimination (including sexual harassment), and/or retaliation and to eradicate sex discrimination (including sexual harassment), and/or retaliation;

**26.10.** A description of the consequences, up to and including termination of Union employment or removal from office, that will be imposed upon violators of Defendant's Anti-Discrimination Policy, to the extent permitted under the Defendant's Constitution and Bylaws and/or by the International Brotherhood of Teamsters Constitution;

**26.11.** A promise of maximum feasible confidentiality for persons who report unlawful sex discrimination (including sexual harassment), and/or retaliation, or

who participate in an investigation into allegations of sex discrimination (including sexual harassment), and/or retaliation;

**26.12.** A statement that a complaint of sex discrimination (including sexual harassment), and/or retaliation is not grounds for discipline, termination, removal from office, or non-representation;

**26.13.** An assurance of non-retaliation for persons who report unlawful sex discrimination (including sexual harassment), and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**27.**    Within thirty calendar days after completion of the EEO Policy Review required under Paragraphs 25-26 above, a notice regarding the written EEO policies shall be posted in the Union's physical office locations in Denver, Colorado and in Fort Morgan, Colorado, in a prominent location frequented by members and employees and complete copies of the policy shall be distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.

**D.    *Training and Other Information Sharing***

**28.**    At least annually, Defendant shall provide EEO training for all its officers, agents, and employees. Under this provision, officers, agents, and employees will be trained at a minimum in the following areas: (a) Defendant's policy and procedures for reporting alleged sex-based discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination; (c) the penalties for engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (e) Defendant's procedures for handling unlawful sex-based discrimination complaints. All training under this Paragraph shall be at Defendant's selection and expense. Training may be by live presentation,

online interactive training, and/or computer training that is interactive, meaning participants may engage in discussion and/or ask questions regarding the training, or any combination of the foregoing. The training will be conducted as follows:

28.1.   **Union Employees and Officers:** Defendant will provide Union employees, business agents, and officers with annual training sessions during each year of this Decree.  Each training session for Union employees, business agents, and officers shall be at least two hours total in duration annually and can be broken into two or three separate trainings. Each training session will provide an overview of Title VII and other anti-discrimination laws enforced by the EEOC and anti-retaliation provisions in those laws. This annual training session will include a focus on sexual discrimination (including sexual harassment), and retaliation. Attendance will be mandatory for every Union employee, business agent, and officer on the days of such training. Defendant has agreed to conduct the first such training session on June 2, 2023.  Defendant agrees that all of its officers, business agents, and employees shall both register and attend the training sessions.

28.2.   **Union Principal Officer:** Defendant will provide its Secretary-Treasurer (Principal Officer) with annual training of, at least, eight hours during each year of this Decree. This training will be provided by an outside vendor, and may be broken into two or more separate trainings, so long as they total at least eight hours. The Secretary Treasurer (Principal Officer) training will include: (i) an overview of Title VII and other anti-discrimination laws enforced by the EEOC, including the anti-retaliation provisions in those laws; and (ii) identifying, reporting, and investigating alleged claims of harassment, discrimination, and/or

retaliation under Title VII and other anti-discrimination laws enforced by the

EEOC. Defendant has agreed to conduct the first such training session on June

2, 2023, which shall be at least three (3) hours.

**28.3.**   Newly-elected officers will complete the required training within 30 days of

taking office. Newly-hired employees will complete the required training within 30

days of being hired.

29.     The Commission, at its discretion, may designate one or more Commission

representatives to attend any of the training sessions described above, and the

Commission representatives shall have the right to attend, observe, and fully participate

in all of the sessions. Defendant shall provide the Commission with thirty days' notice

that a training session will be conducted, or alternatively, Defendant may provide a

comprehensive schedule of trainings planned for the year or for a number of months if

such is more convenient. In the event that a Commission representative will attend the

training session, the Commission will provide the Defendant with, at least, two (2)

calendar days prior written notice of the name and contact information for the

representative who will attend.

30.     **Information Provided to Members**

**30.1.**   From January 1, 2024 through December 31, 2025, Defendant will post

the one-page informational document in the form attached as Exhibit B at its

Denver, Colorado and Fort Morgan, Colorado office locations, as well as on the

Union bulletin boards at each of its signatory employer's business locations.

**30.2.**   Defendant will establish an email account for receiving any member

reports of alleged discrimination.

**30.2.1.**       Defendant will check the discrimination reporting email account each business day and preserve all communications to and from the account.

**30.3.**   Defendant will establish a hotline voicemail number for receiving any member reports of alleged discrimination.

**30.3.1.**       Defendant will check the discrimination reporting hotline voicemail each business day and preserve all communications to and from the account.

**E.**   *Notice Posting*

**31.**    Within five business days after the Court's entry of this Decree, Defendant shall post at its office locations in Denver, Colorado and Fort Morgan, Colorado, in a conspicuous place frequented by employees and visitors, the Notice attached as Exhibit A to this Decree. The Notice shall be the same type and style as set forth in Exhibit A, and enlarged to at least 16" x 24". The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten calendar days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the quarterly reports required under the Reporting provisions of this Consent Decree.

**32.**    Defendant agrees that it will consider its agents' and employees' compliance with internal policies, including Defendant's EEO policy when assessing merit wage increases. Defendant's agents and employees will be advised that their compensation and evaluation will depend, at least in part, on their compliance with Defendant's internal policies, including its EEO policy.

## VIII.  Record Keeping and Reporting Provisions

33.     During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report about an employee, officer, or agent of Defendant allegedly engaging in sex discrimination, sexual harassment, or retaliation for opposing such discrimination or harassment or for participating in an investigation of any such complaint or report. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report, including the name and position of any individual alleged to have engaged in improper conduct; (d) the name and position of all persons who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took, and the name and position of all persons who were involved in any such resolution; (f) if the complaint or report was made in written form, a copy thereof; and (g) a copy of all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation of the complaint or report.

34.     Defendant shall provide an initial report three months after entry of this Decree. Thereafter, Defendant shall provide quarterly reports for each 12-month period following the entry of this Decree. The quarterly reports shall be due thirty calendar days following the respective quarterly time period, except the final report shall be submitted to the Commission eight weeks prior to the date on which the Decree is to expire.

35.     Defendant shall update its procedures to provide that all disciplinary actions, whether verbal or written, taken against employees, officers, or agents of Defendant for

violation of Teamsters' EEO Policy will be retained in the personnel file if the violator is an employee or former employee, or the member file if the violator is not an employee or former employee.

36.    **Reporting Requirements:**  Each quarterly report shall provide the following information:

### 36.1.   Reports of Alleged Sex Discrimination

**36.1.1.**    For purposes of this Paragraph, the term "report of alleged sex discrimination" will include any written or verbal complaint made to an officer, agent, or employee of Defendant that alleges sexual discrimination (including sexual harassment), and/or retaliation alleged against the Union by any individual, even if such terminology is not used by the complainant. The complainant need not invoke the terms "sexual harassment," "discrimination," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "inappropriate," "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined for no reason" and other such language that indicates an allegation of sex discrimination or sexual harassment.

**36.1.2.**   The report will include:

a.      The name, address, email address, and telephone number of each person making a complaint of sex discrimination (including sexual harassment), and/or retaliation to Defendant or to any federal, state, or local government agency, where the Defendant is a named respondent;

b.       The name, address, email address, and telephone number of each

person identified as a potential witness to the incident of alleged sex discrimination or sexual harassment;

c.     A brief summary of each complaint or report, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory or harassing conduct, the Defendant's investigation and response to the complaint, the name of the person(s) who investigated or responded to the complaint, and what, if any resolution was reached; and

d.     Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof, as well as all documents and records reviewed, referenced, or relied upon for purposes of the investigation.

**36.2.   Complaints of Retaliation**

**36.2.1.**   For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint made to an officer, agent, or employee of Defendant that alleges retaliation by any individual for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under Title VII even if the complainant does not use legal or technical terminology.

**36.2.2.**   The report shall include:

a.     The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency, where Defendant is a named respondent;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident or incidents of alleged retaliation;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, a description of the Defendant's investigation and response to the complaint, the name of the person(s) who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof, as well as all documents and records reviewed, referenced, or relied upon for purposes of the investigation.

**36.3.  Training and Other Information Sharing**

**36.3.1.**      For each training program required under Paragraph 28.1 (Union Employees and Officers), and conducted during the reporting period, Defendant shall submit to the EEOC a registry of attendance.

**36.3.2.**      For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will: (a) identify the consultant and/or vendor; (b) provide to the EEOC a copy of the program agenda and copies of all training material utilized by the trainers; (c) provide the name of each trainer and a summary of his or her qualifications; and (d) provide a certificate of completion for each employee or officer attending the training, or other evidence establishing attendance and completion.

**36.4.   Policy Review**:  Defendant shall report on the status of the EEO Policy

Review and distribution process required under Paragraphs 25 through 27 above

to the EEOC within 60 days of the Court entry of this Decree.

**36.5.   EEO Compliance as a Component of Management Evaluation:**

Defendant shall report quarterly on the status of the development and

implementation of a management evaluation and compensation system required

under Paragraph 32 above, until said system is implemented.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

**37.**     This Court shall retain jurisdiction of this case for purposes of compliance with

this Decree and entry of such further orders or modifications as may be necessary or

appropriate to effectuate equal employment opportunities.

**38.**     There is no private right of action to enforce Defendant's obligations under the

Decree and only the Commission, or its successors or assigns, may enforce compliance

herewith.

**39.**     The Commission may petition this Court for compliance with this Decree at any

time during which this Court maintains jurisdiction over this action. Should the Court

determine that Defendant has not complied with this Decree, appropriate relief,

including extension of this Decree for such period as may be necessary to remedy its

non-compliance, may be ordered.

**40.**     Absent extension, this Decree shall expire by its own terms at the end of the 36th

month from the date of entry without further action by the Parties.

## X.  OTHER MATTERS

**41.     Waiver by Plaintiff-Intervenor:** In consideration for the obligations of Teamsters

Local #455 contained herein, Plaintiff-Intervenor waives her right to recover for any

claims of sex discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII") that she had against Teamsters Local #455 prior to entry of this Decree by the Court, and were included in the claims alleged by the EEOC or Plaintiff-Intervenor in the above-captioned lawsuit or alleged in Charge of Discrimination Number 541-2021-02098, as amended, filed by Wendy March.

42.     **Waiver of Commission Claims:**  The Commission agrees not to use Charge No. 541-2021-02098, as amended, as the jurisdictional basis for filing a lawsuit against Teamsters Local #455. However, nothing in this Consent Decree shall be construed to preclude the Commission from bringing suit to enforce this Consent Decree. Neither does it preclude the Commission from filing lawsuits based on charges and/or claims not resolved in this Consent Decree.

43.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

44.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

45.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by email or by certified mail, postage prepaid, as follows:

Karl Tetzlaff
La Kischa J. Cook
EEOC Denver Field Office
950 17th Street, Suite 300
Denver, CO  80202
karl.tetzlaff@eeoc.gov
lakischa.cook@eeoc.gov

## XIII.  SIGNATURES

**46.**     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this 3rd day of July, 2023.

BY THE COURT:

_____
Daniel D. Domenico
United States District Court Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _Mary Jo O'Neill_
   Mary Jo O'Neill
   Regional Attorney

Date: _____6/7/2023____

TEAMSTERS LOCAL UNION NO. 455

By: _____
   Dean Modecker
   Secretary-Treasurer

Date:   6/8/23

WENDY MARCH

_Wendy March_

Date:   6/7/2023

APPROVED AS TO FORM:

_Karl Tetzlaff_
Karl Tetzlaff
La Kischa J. Cook
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Denver Field Office
950 17th Street, Suite 300
Denver, CO 80202

Attorneys for Plaintiff EEOC

_George Faulkner /JDB/_
George Falkner
Joseph Mando
Jonah Grabelsky
FAULKNER, HOFFMAN & PHILLIPS, LLC
20445 Emerald Parkway Drive, Ste. 210
Cleveland, OH 44135

Attorneys for Defendant

_Laura Wolf_
Laura Wolf
Abigail Leinsdorf Garber
SPARKS JUSTICE LAW LLC
1035 Osage St.
8th Floor, Office 836
Denver, CO 80204

Attorneys for Intervenor-Plaintiff

Subject to Fed. R. Evid. 408
6/2/2023

19

**EXHIBIT A**

**SEXUAL HARASSMENT IS ILLEGAL**

Under Title VII of the 1964 Civil Rights Act, it is unlawful for a union or any of its officers, agents, employees or members to discriminate against any individual. This includes a prohibition against sexual discrimination (including sexual harassment) and retaliation. Examples of unlawful actions include:

- Excluding, harassing, or permitting others to exclude or harass an individual based on their sex;

- Punishing or disciplining individuals for reporting sexual harassment; and

- unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

Teamsters Local No. 455 seeks to ensure that there will be no sexual harassment by its officers, agents, employees, or, members.

If you believe you or another person has been subjected to any unlawful sexual harassment by an officer, agent, employee, or member of Teamsters Local 455, please report the problem to Secretary-Treasurer, Dean Modecker, Office Manager, Tammy Munoz, or a member of the Local 455 Executive Board, at (303) 458-1600. You may also report sexual harassment to Teamsters Local 455 through this email address: reportharassment@teamsterslocal455.org, or by leaving a voicemail at this telephone number: (844) 293-7653. We will investigate any reported sexual harassment. We will not retaliate against any person who reports possible sexual harassment.

**EEOC'S STATEMENT OF YOUR RIGHTS**

You have a legal right to report sexual harassment to your union or employer, to the EEOC, or to your state or municipality's employment discrimination agency. It is illegal for an employer or union to retaliate against you for reporting what you believe to be discrimination. You can contact the EEOC directly at 720-779-3610.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**.

This Notice shall remain posted indefinitely but in any event no less than a term of three (3) years from the below date.

By:_____   _____
                                                                            Date

20

**Exhibit B [on Teamsters #455 Letterhead]**

# What You Should Know About Sexual Harassment At Work

<u>What is sexual harassment?</u>   <span style="color:red">Any unwanted sexual attention</span>.
- Unwelcome sexual advances
- Suggestive or lewd remarks
- Unwanted hugs, touches, kisses
- Requests for sexual favors
- Retaliation for complaining about sexual harassment
- Derogatory or pornographic posters, cartoons, or drawings


<u>What does sexual harassment have to do with my union?</u>
- Teamsters is a brotherhood – we help each other
- Sexual harassment at work hurts our co-workers and fellow Teamsters
- Together we can help prevent sexual harassment in our workplaces
- If you see something, say something.
- See the Teamsters Local 455 Anti-Discrimination policy.

<u>It's happening to me – what can I do?</u>   <span style="color:red">Tell us at Local 455! We can help.</span>
<u>I'm just a bystander – what can I do?</u>   <span style="color:red">Tell us at Local 455! We can help.</span>

- Send an email to reportharassment@teamsterslocal455.org

OR

- Leave a voicemail on the Local 455 Hotline:  (844) 293-7653
- We will promptly investigate the matter and take appropriate action

You may also report sexual harassment to government agencies:

| Equal Employment Opportunity Comm. | Colorado Civil Rights Division |
|---|---|
| 950 17th Street, Suite 300 | 1560 Broadway, Suite 825 |
| Denver, CO  80202 | Denver, CO 80202 |
| (720) 779-3610 | (303) 894-2997 |
| Website:  www.eeoc.gov | Website: ccrd.colorado.gov |